UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| LOUIS SHAD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-00057-DCLC-CRW |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 23]. In the R&R, the magistrate judge recommends that the Court approve the parties' agreement regarding attorney fees. The parties did not file objections to the R&R.[1] *See* Fed.R.Civ.P. 72(b).

After consideration of the R&R and the record as a whole, the Court agrees with the conclusions in the R&R. It is hereby **ORDERED** that the R&R [Doc. 23] is **ADOPTED**, Plaintiff's Motion for Attorney Fees is **GRANTED** pursuant to the parties' stipulation [Doc. 22]. Plaintiff is awarded attorney fees pursuant to the EAJA in the amount of $6,739.11 to be paid by the Social Security Administration, and a separate reimbursement of $405.00 in filing fees payable from the Judgment Fund, in accordance with 28 U.S.C. § 2412(d). The EAJA fee is to be paid to Plaintiff as the litigant, subject to any offset necessary to satisfy any pre-existing debt that Plaintiff may owe to the United States. If Plaintiff owes no debt to the United States, then the payment of

---

[1] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

EAJA fees be made to Plaintiff's counsel to the extent that Plaintiff and Plaintiff's counsel have executed a valid fee assignment.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge